# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JOSEPH JONES,<br><br>                      Plaintiff,<br>  vs.<br><br>STATE OF CALIFORNIA,<br><br>                     Defendant. | CASE NO. 11&ç0142 LAB (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**DENYING MOTION TO APPOINT COUNSEL; and**<br><br>**DISMISSING SUA SPONTE FOR FAILURE TO STATE A CLAIM**. |
|---|---|

Plaintiff, a homeless resident of the State of California proceeding pro se, has submitted a complaint under 28 U.S.C. § 1331, although the scant facts alleged seemingly indicate that Plaintiff intended to allege a violation under 42 U.S.C. § 1983. He has also filed a Motion to Proceed *In Forma Pauperis* ("IFP"), and a Motion to Appoint Counsel.

**I.  Plaintiff's Motion to Proceed IFP**

The Court finds that Plaintiff's affidavit supporting his Motion to Proceed IFP sufficiently demonstrates that he cannot afford the $350.00 filing fee. Thus, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**II.  Plaintiff's Motion for Appointment of Counsel**

The Sixth Amendment right to counsel does not extend to civil actions. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in a § 1983 action). A financially eligible plaintiff

*may* obtain representation under 28 U.S.C. § 1915, but only if the Court determines there are "exceptional circumstances" after it evaluates both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Additionally, the appointment of counsel may be necessary if the plaintiff has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). The Court finds that Plaintiff's due process rights are not in jeopardy, and that the pleadings Plaintiff has filed thus far show him to be sufficiently capable of pursuing relief on his own.

The request is **DENIED WITHOUT PREJUDICE** because neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.

### III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court is required to review complaints filed by all persons proceeding IFP and must sua sponte dismiss any complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Here, the Plaintiff's Complaint fails to state a cognizable claim. As an initial matter, there is neither a federal nor a state statutory right to shelter. If Plaintiff intended to allege a violation of his civil rights, pursuant to 42 U.S.C. § 1983, then he has failed to allege any facts to support that claim. He has only alleged that he was denied admittance into a homeless shelter; he has not indicated where the shelter is located, what the shelter is called, or why the shelter refused to house him.

Because the Plaintiff both failed to state a claim and to allege facts to support a claim, this Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

### IV. Order

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, **DENIES** Plaintiff's motion for counsel, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. The Court grants Plaintiff thirty (30) days from the date this Order is entered in which to file an amended complaint which corrects the deficiencies of the pleading

noted above. Plaintiff's amended complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CA. CIV.LR. 15.1. Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED: May 4, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge